Filed 3/22/24  In re E.B. CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| In re E.B., a Person Coming Under the Juvenile Court Law. | B330316 (Los Angeles County Super. Ct. No. 23CCJP00854) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, Plaintiff and Respondent, v. ALEXIS S., Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Pete R. Navarro, Judge Pro Tempore. Dismissed.

Sara R. Peters, under appointment by the Court of Appeal, for Defendant and Appellant.

Dawyn R. Harrison, County Counsel, Kim Nemoy, Assistant County Counsel, Peter Ferrera, Principal Deputy County Counsel, for Plaintiff and Respondent.

_____

## MEMORANDUM OPINION

As this appeal is determined by a controlling decision of our Supreme Court, *In re D.P.* (2023) 14 Cal.5th 266, we decide it by memorandum disposition. (Cal. Stds. Jud. Admin., § 8.1.)

Alexis S. (Mother) appeals from the summary denial of her petition pursuant to Welfare and Institutions Code[1] section 388 to modify certain dispositional orders. On April 21, 2023, the juvenile court asserted jurisdiction over Mother's daughter E.B. based on domestic violence between Mother and Brandon B. (Father), and drug use by Mother and Father. That same day, the court made dispositional orders that included removal of E.B. from both parents, Mother having supervised visitation two times a week for three hours per visit, and Mother's participation in a drug treatment program. Mother filed a section 388 petition approximately six weeks later, on June 1, 2023, arguing changed circumstances supported returning E.B. to parental custody or liberalized visitation, and removing the requirement that Mother attend a drug treatment program. The court summarily denied Mother's section 388 petition on June 21, 2023.

_____

[1] Unless otherwise indicated, all statutory references are to the Welfare and Institutions Code.

2

The juvenile court continued to retain jurisdiction over E.B., and during the pendency of this appeal the juvenile court returned E.B. to Mother and rescinded the order for drug treatment. Mother concedes these subsequent court orders have rendered her appeal moot. Because the appeal is moot, DCFS requests we dismiss it. Mother asks that we exercise our discretion to review her appeal on the merits, arguing that dismissal would insulate the purportedly erroneous ruling from review, her appeal involves issues of continuing public interest that are likely to recur, and the mootness resulted from her prompt compliance with her case plan.

The moot order here does not involve a jurisdictional finding. Accordingly, the factors that often may warrant discretionary review are inapplicable, such as a jurisdictional finding involving particularly stigmatizing conduct or impacting future dependency proceedings. (*In re D.P.*, *supra*, 14 Cal.5th at pp. 285-286.) The instant appeal does not present circumstances warranting discretionary review of a moot case, such as an issue of broad public interest that is likely to recur, the likelihood of a recurrence of the controversy between the parties, or a material question that remains for the court's determination. (*Id.* at p. 282.) While we agree that the mootness occurred in part because of Mother's compliance with her case plan, that alone does not require we exercise discretion to review the merits of Mother's appeal. (*Id.* at p. 286 ["no single factor is necessarily dispositive of whether a court should exercise discretionary review of a moot appeal"].)

On balance, after considering the pertinent factors and the totality of the evidence in the record, we conclude that discretionary review of Mother's moot appeal is not warranted.

**DISPOSITION**

The appeal is dismissed.

NOT TO BE PUBLISHED

                                        WEINGART, J.


We concur:



CHANEY, J.



BENDIX, Acting P. J.


4